[Civ. No. 20467. Second Dist., Div. One. Feb. 21, 1955.]

WILLIE MAY EVANS, Respondent, v. ARNOLD SPATT et al., Appellants.

Neil N. Werb for Appellants.

Xenophon F. Lang for Respondent.

DORAN, J.—This is an appeal from the judgment.

The action is in rescission resulting from a transaction for the sale of real property.

As recited in appellants' brief:

"Appellant and defendant through its agent sold real property to respondent and plaintiff, said real property had improvements thereon which comprised two apartment units and an additional income unit attached to garages in the rear.

Each of the two apartment units and the additional unit were occupied as dwelling units by tenants. Representations were made by the seller's agent that the real property was income property, three rental units were on the property, and there was a possibility of improving the garage for income purposes but a building permit would be necessary to make the improvements. The respondent buyer inspected said rental units, observed that three tenants were on the property, and inspected the garages. There was no knowledge on the part of any of the parties involved or their agents that there was any unlawful construction on the property.

"After the consummation of the sale of the real property, the respondent buyer proceeded to do construction work on the garage without obtaining a building permit to do so although having been previously advised by the seller's agent to check with city authorities. Subsequently, the respondent received two notices allegedly from the Department of Building and Safety of Los Angeles: one notice stated that respondent buyer should stop work and return the garage to original status and use as no permit for construction had been issued, and the second notice stated that maintenance of the additional building be discontinued as it was violation of a Los Angeles Municipal Code.

"Thereupon, the buyer respondent attempted to rescind the sale and this action was brought."

It is contended on appeal that "The court erred in adjudging rescission of the sale of real property with its improvements and also awarding compensation for expenses in remodeling the improvements which were incurred by respondent's unlawful act; It is error to admit into evidence, over objection on the ground of hearsay, a notice of the building and safety department of the City of Los Angeles to prove that the maintenance of a building on the property is unlawful; There is no evidence in the entire record to show a mutual mistake of law; A mutual mistake of law as to the lawful construction of a building is not a ground for rescinding the sale of real property; The court erred in making the following findings of fact:

"(1) That the appellants made fraudulent misrepresentation.

"(2) That the plaintiffs and respondents were damaged in the amount of $800.00 in that plaintiffs expended said sum as and for repairs and improvements."

It was not contended by plaintiff that the represen-

tations were fraudulent and the court did not so find. Obviously however, the situation that developed was the result of the misrepresentations made by appellant. The fact that they were not fraudulent is beside the issue for although the damage was the result of ignorance and mistake on the part of plaintiff the result was the same. And the fact that plaintiff relied on defendants' representations is beyond question. There is no dispute as to the facts.

Appellants' argument relating to "mutual mistake of law" is without merit. The only issues were questions of fact.

The findings of fact are detailed and itemized. They are supported by the evidence and a review of the record reveals no prejudicial errors.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.